IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONNIE RAY BASS | § | |
| v. | § | CIVIL ACTION NO. 9:07cv176 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Donnie Ray Bass, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bass states that he was convicted of sexual assault on May 22, 1998, receiving a sentence of life in prison. His petition argues that he has newly discovered evidence showing that there was no damage to the victim's hymen.

On August 28, 2007, the Magistrate Judge issued a Report recommending that Bass' petition be dismissed. The Magistrate Judge observed that this is the fourth federal habeas corpus petition which Bass has filed concerning the same conviction. *See* <u>Bass v. Johnson</u>, civil action no. 9:99cv87 (E.D.Tex., dismissed December 20, 1999, appeal dismissed); <u>Bass v. Director, TDCJ-CID</u>, civil action no. 9:04cv155 (dismissed September 22, 2004, appeal dismissed); <u>Bass v. Director, TDCJ-CID</u>, civil action no. 9:06cv102 (E.D.Tex., dismissed March 14, 2007, interlocutory appeal dismissed, no appeal from final judgment taken).

1

The Magistrate Judge stated that under 28 U.S.C. §2244(b)(3), before a second or successive application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. In this case, the Magistrate Judge said, Bass made no showing that he had received permission from the Fifth Circuit to file a successive habeas corpus petition, nor that he had even sought permission to do so. Although Bass argues that he has "newly discovered evidence," the Magistrate Judge said, this is a matter which he may present to the Fifth Circuit in seeking permission to file a successive petition. The Magistrate Judge cited Fifth Circuit precedent stating that the district court lacks jurisdiction to consider a successive petition filed without leave to do so, and recommended that the petition be dismissed without prejudice, with refiling conditioned upon Bass' obtaining leave to file a successive petition. The Magistrate Judge also recommended that a certificate of appealability be denied *sua sponte*.

Bass filed objections to the Magistrate Judge's Report on September 7, 2007. In his objections, Bass says that he can present his claim if new and different grounds are alleged and the judge finds that the failure to assert these grounds in a prior petition does not constitute an abuse of the writ. He says that his petition alleges newly discovered factual grounds and so these grounds could not have been presented in any of his prior applications. He says that this newly discovered evidence is material and that based upon this new evidence, it is "entirely impossible" that a jury could have convicted him; he says that according to the victim, "it hurt real bad when he stuck it in her," but an exam showed no evidence of penetration because the hymen was still intact and the vaginal muscles were too tight to perform any other test.

However, as the Magistrate Judge said, these are arguments which should be presented to the Fifth Circuit in a motion seeking leave to file a successive petition. Should Bass secure such leave, he may present his claims in the district court, and they will be adjudicated on the merits at that time. However, the district court lacks jurisdiction over second or successive habeas corpus petitions which are filed without leave from the Fifth Circuit to do so, *see* Crone v. Cockrell, 324 F.3d 833, 838 (5th Cir. 2003), and so until Bass obtains leave from the Fifth Circuit to file a successive

petition, the district court cannot entertain his claims. The Magistrate Judge's Report is correct and Bass's objections thereto are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice. Bass may refile his petition at such time as he obtains leave from the Fifth Circuit to file a successive petition. Nothing in this order or the Report of the Magistrate Judge shall prevent Bass from seeking such leave from the Fifth Circuit. It is further

ORDERED that the Petitioner Donnie Bass is hereby DENIED a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

SIGNED this the 14 day of **September, 2007.**

_____
Thad Heartfield
United States District Judge